Jiang v. Lynch

BIA
Vomacka, IJ
A200 914 915

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand sixteen.

PRESENT:
>        JON O. NEWMAN,
>        RICHARD C. WESLEY,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

CHUN KAI JIANG,
>        *Petitioner,*

>        v.                                      15-1548
>                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Joshua E. Bardavid, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chun Kai Jiang, a native and citizen of the People's Republic of China, seeks review of an April 16, 2015, decision of the BIA, affirming a February 14, 2013, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Kai Jiang,* No. A200 914 915 (B.I.A. Apr. 16, 2015), *aff'g* No. A200 914 915 (Immig. Ct. N.Y. City Feb. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency did not err in concluding that Jiang failed to establish past persecution. The BIA has defined persecution

as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). A valid persecution claim may be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili*, 433 F.3d at 341. Here, the agency reasonably determined that Jiang's minor beating and brief detentions did not rise to the level of persecution; Jiang did not sustain physical injuries from his 1994 beating or suffer any physical harm during his brief detentions. *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011).

Relying on *Beskovic v. Gonzales*, 467 F.3d 223 (2d Cir. 2006), Jiang insists that the agency erred as a matter of law by failing to evaluate his injuries in the context of which such treatment occurred — namely, his wife's forced abortions. He contends that if his abuse was inflicted in this context, the degree of mistreatment rises to the level of persecution irrespective of any physical injury. This argument mischaracterizes the holding of *Beskovic*, which explicitly addressed "persecution . . . in the context of an *arrest* or *detention* on the basis of a protected ground." *Beskovic*, 467 F.3d at 226 (emphasis added). Under the standard established in *Beskovic*, even a "minor" beating in detention may rise to the level of persecution. *Id.* at 226. The physical abuse Jiang described did *not* occur while he was in police custody; rather, he testified that he was beaten by family planning officials when he tried to stop them from entering his home in connection with his wife's first forced abortion in September 1944. Even if we assume that the period of several hours during which the police prevented him from leaving his home following this event constituted "detention" as that term was used in Beskovic, he was not assaulted during that period. And while

4

he was briefly held at his home during his wife's first forced IUD insertion in December 1994 and was briefly detained at the family planning office in 2009 until his wife's second forced abortion was completed, he does not claim to have been beaten or physically mistreated on those occasions. Thus, on this record, the agency reasonably concluded that Jiang failed to establish past persecution.

Jiang also asserts that the agency failed to consider the cumulative impact of the harm he experienced in China. This argument is contradicted by the BIA's decision, which explicitly determined that "when viewed cumulatively," the incidents Jiang described were "not so severe as to amount to persecution."

Last, Jiang asserts that the agency erred in failing to consider the psychological and emotional harm he suffered on account of his wife's two forced abortions. Although the BIA and IJ did not explicitly reference Jiang's emotional and psychological harm in their decisions, this Court presumes that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17

(2d Cir. 2006).  The agency's failure to explicitly mention Jiang's emotional and psychological harm does not compellingly suggest that it was ignored because Jiang did not highlight such harm as a central aspect of his claim and "substantial emotional distress," as a general matter, does not rise to the level of persecution.  *Ivanishvili*, 433 F.3d at 341 (persecution must be distinguished from "mere harassment," which consists of "[w]ords, conduct, or action . . . that . . . annoys, alarms, or causes substantial emotional distress[.]" (internal quotations omitted)).

Because Jiang did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of persecution.  *See* 8 C.F.R. § 1208.13(b)(1).  The agency therefore did not err in denying asylum.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

6